UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TED A. SIMPSON and KIMBERLY
SIMPSON,

        Plaintiffs,

v.

FREEDOM MORTGAGE
CORPORATION, et al.,

        Defendants.
_____/

Case No. 2:25-cv-13232

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF No. 7) AND MOTION FOR A PRELIMINARY INJUNCTION (ECF No. 9)**

In October 2025, Plaintiff Ted A. Simpson, proceeding *pro se*, brought this suit about an allegedly defective mortgage loan against Defendants Freedom Mortgage Corporation ("Freedom Mortgage"); Cardinal Financial Company, Limited Partnership ("Cardinal Financial"); Mortgage Electronic Registration Systems, Inc. (MERS); Freedom Mortgage President Stanley C. Middleman; and Freedom Mortgage Corporate Secretary Maria Gallucci. ECF No. 1. The following month, Simpson filed an amended complaint to add his spouse, Kimberly Simpson, as a plaintiff, and to add 10 unnamed Defendants who may have an interest or involvement in his loan. ECF No. 6.

On December 1, 2025, the Simpsons filed a motion for a temporary restraining order (TRO), ECF No. 7, and a motion for a preliminary injunction (PI), ECF No. 9, regarding an allegedly imminent foreclosure on a property at 28661 West Road, Huron Charter Township, Michigan, 48164 (the "Property") held in the Simpson Family Trust. In the effectively identical motions, the Simpsons seek to halt the Property's foreclosure sale, which, they state, is scheduled for December 4, 2025. ECF Nos. 7 at PageID.49; 9 at PageID.64. On December 3, 2025, Freedom Mortgage responded, arguing that that there is no emergency because the foreclosure sale is actually scheduled for February 6, 2026. ECF No. 10 at PageID.71. As explained below, this Court will deny the Simpsons' motions.

## I. LEGAL STANDARD

"Temporary restraining orders and preliminary injunctions are extraordinary remedies" that should be granted only if the movant demonstrates that the circumstances "clearly demand" it. *Koetje v. Norton*, No. 13-12739, 2013 WL 8475802, at *2–3 (E.D. Mich. Oct. 23, 2013); *see also Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To determine whether to issue a TRO or a PI, courts consider the same four factors:

> (1) the movant's likelihood of success on the merits,
> (2) any irreparable injury to the movant without the injunction,
> (3) whether the balance of hardships favors the movant, and
> (4) whether the injunction would be adverse to the public interest.

*Muffler Man Supply Co. v. TSE Auto Serv., Inc.*, 739 F.3d 598, 602 (E.D. Mich.

- 2 -

2024) (citing *Overstreet*, 305 F.3d at 573). "The standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on the irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo." *ABX Air, Inc. v. Int'l Bhd. of Teamsters*, 219 F. Supp. 3d 665, 670 (S.D. Ohio 2016).

Although no one factor controls in every case, "a finding that there is simply no likelihood of success on the merits is usually fatal" to a plaintiff's motion. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). The same is true if a plaintiff fails to establish irreparable harm. *See CLT Logistics v. River West Brands*, 777 F. Supp. 2d 1052, 1064 (E.D. Mich. 2011) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20–21 (2008)). "It follows that a district court need not address all the preliminary injunction factors where fewer are dispositive of the issue." *Id*. Whether to grant a TRO or PI is a matter within the sound discretion of the district court. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007); *see also Dorsey v. Wilmington Savs. Fund Soc'y, FSB*, No. 24-10325, 2024 WL 1700992, at *3 (E.D. Mich. Feb. 29, 2024).

## II. ANALYSIS

The Simpsons do not say whether the alleged foreclosure sale is a foreclosure by advertisement or a judicial foreclosure. A federal court may review a foreclosure by advertisement, which is governed by Michigan law. *Munaco v. Bank of Am.*, 513

F. App'x 508, 511 (6th Cir. 2013); Mich. Comp. Laws § 600.3204. But this Court lacks jurisdiction over a judicial foreclosure because, under the *Rooker-Feldman* doctrine, a federal district court cannot stay proceedings in state court actions. *Givens v. Homecomings Fin.*, 278 F. App'x 607, 608–09 (6th Cir. 2008) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923)); *see also* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). Thus, this Court must deny the motions to the extent that the Simpsons seek to stay a judicial foreclosure. *See Givens*, 278 F. App'x at 608–09.

In addition, even assuming that the Simpsons are seeking to stay a foreclosure by advertisement, the Simpsons have not shown that they are facing irreparable harm requiring immediate relief. The Simpsons argue that they are entitled to emergency injunctive relief because Defendants issued an allegedly defective loan that will cause them to suffer "permanent loss of family trust property" and there is a public interest in preventing wrongful foreclosures, whereas Defendants "risk only delayed foreclosure." ECF Nos. 7 at PageID.49–51; 9 at PageID.66–67. Freedom Mortgage argues that an analysis of these factors is unnecessary because the foreclosure is not scheduled for December 4, 2025, as the Simpsons allege. ECF No. 10 at PageID.71–

72. Freedom Mortgage explains that it "has confirmed within [its] own internal records and with outside counsel handling the foreclosure sale, Trott Law P.C., that the foreclosure sale is scheduled for February 6, 2026." *Id.* at PageID.71. Accordingly, it argues that there is no emergency circumstance to warrant such an extraordinary remedy. *Id.*

The Simpsons offer no evidence to substantiate their claim that the foreclosure is on December 4, 2025. They merely include an affidavit from Ted Simpson restating what he claims in his motions and amended complaint. ECF No. 8. Because the burden is on the movant to show that the circumstances clearly demand emergency injunctive relief—particularly as it relates to the irreparable harm factor—the Simpsons have not met their burden to provide concrete evidence that the foreclosure is December 4, 2025. *See Overstreet*, 305 F.3d at 573 (noting that a TRO may only be granted "if the movant carries his or her burden of proving that the circumstances clearly demand it"). Thus, "at a minimum, the court is without sufficient facts to conclude that [the Simpsons'] rights are in such danger that any harm can be considered irreparable." *Jackson v. U.S. Bank Loan Servicing*, No. 09-12716, 2009 WL 2447485, at *3 (E.D. Mich. Aug. 6, 2009).

More importantly, even assuming the foreclosure sale was scheduled to occur on December 4, 2025, Michigan law's six-month redemption period provides the Simpsons with time to exercise their statutory right to redeem the Property. *See id.*

(citing Mich. Comp. Laws § 600.3140); *see also Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (observing that a mortgager has six months after a sheriff's sale to redeem a foreclosed property under Michigan law). Therefore, their property loss is not yet irreparable under Mich. Comp. Laws § 600.3140. *See Bay Valley Mortg. Lender, LLC v. McKind*, No. 08-cv-11372, 2008 WL 1766654, at *1 (E.D. Mich. Apr. 16, 2008) (finding that Michigan's statutory right of redemption means the plaintiff would not suffer irreparable injury to justify a TRO or PI). Accordingly, the Simpsons have not demonstrated that they face an irreparable harm absent a TRO. *See CLT Logistics*, 777 F. Supp. 2d at 1064.

Given there has been no irreparable harm established, the Simpsons have not met their burden of showing that a TRO or PI is necessary regardless of the other factors. *See Jackson*, 2009 WL 2447485, at *3 (denying the plaintiff's TRO motion on the sole basis that the plaintiff failed to demonstrate danger of irreparable harm regarding his foreclosure).[1]

---

[1] There is also a question whether the Simpsons properly served Defendants. The Simpsons state that they served all Defendants. ECF No. 7 at PageID.48; ECF No. 9 at PageID.64. But Freedom Mortgage argues that the Simpsons have "not formally served any defendant" because they have "not requested this Court [to] issue summons." ECF No. 10 at PageID.70. Courts "may issue a temporary restraining order without written or oral notice to the adverse party" only when the movant provides "specific facts in an affidavit or a verified complaint" that establish the elements of a TRO and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(A)–(B). Because this Court finds that the Simpsons have failed to meet

## III. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order, ECF No. 7, is **DENIED**.

Further, it is **ORDERED** that Plaintiffs' Motion for a Preliminary Injunction, ECF No. 9, is **DENIED**.

**This is not a final order and does not close the above-captioned case.**

<u>/s/Susan K. DeClercq</u>
SUSAN K. DeCLERCQ
United States District Judge

Dated: December 8, 2025

---

their burden to necessitate a TRO or PI, it will not address whether service has been proper at this time. *See Am.-Arab Anti-Discrimination Comm. v. U.S. Dep't of Homeland Sec.*, No. 23-12436, 2023 WL 7170658, at *6 (E.D. Mich. Sept. 27, 2023) (finding that despite questions about whether service was proper, "due to the emergency nature of the filings and on the limited record before it, the Court will briefly address the merits.").